IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-238-BO

ZACHARY ADAMSON,      )
      Plaintiff,      )
            )
v.            )      O R D E R
            )
BIG LOTS STORES, INC.,      )
      Defendant.      )

This cause comes before the Court on plaintiff's motion to remand.[1] For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

Plaintiff filed this slip and fall action in Wake County Superior Court alleging claims of negligence. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of the Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff does not challenge that the parties to this matter are diverse in their citizenship, but contends that the amount in controversy requirement of § 1332 has not been satisfied.

## DISCUSSION

An action initiated in a state court may be removed to federal court only if it could have been brought in federal court originally. 28 U.S.C. § 1441(a); *see also Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 370 (4th Cir. 2003). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* (citing Mulcahey *v. Columbia Organic*

---

[1] The Court notes that plaintiff has failed to file a supporting memorandum in violation of Local Civil Rule 7.1(d).

*Chem. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)). Removal jurisdiction is strictly construed such that if federal jurisdiction is doubtful, remand is necessary. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

Diversity jurisdiction exists in cases between citizens of different states where the amount in controversy exceeds $ 75,000 exclusive of interests and costs. 28 U.S.C. § 1332. The amount in controversy is typically determined on the basis of the plaintiff's complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289. However, North Carolina does not permit plaintiffs to plead the exact amount of their demand for relief in civil actions alleging negligence, and thus it is not possible to determine the amount in controversy from the face of a complaint. *See* N.C. Gen. Stat. § 1A-1, Rule 8(a)(2). In cases with indeterminable sums, federal courts have determined the amount of controversy by considering all evidence bearing on the issue. *See Lawson v. Tyco Elecs. Corp.*, 286 F. Supp.2d 639, 641 (M.D.N.C. 2003). Additionally, "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury*, 303 U.S. at 289-90.

In support of remand, plaintiff states that he has asked for less than $75,000 to settle the case [DE 9-1]. Specifically, plaintiff in a letter dated December 3, 2012, asked for $74,999 to settle the case. The letter further states that if a settlement cannot be reached, plaintiff will re-file his complaint[2] with an amount in controversy not high enough for federal court. Earlier in time, however, plaintiff stated that he would accept $100,000 [DE 10-1] and $95,000 [DE 10-2] to

---

[2]Plaintiff filed an action earlier in time that was also removed to this Court. *See* No. 5:12-cv-465-F. Plaintiff stipulated to dismissal of that action [DE 8].

settle his claim. In his state court complaint, plaintiff contends that as result of the negligence of defendant plaintiff suffered injuries causing him to suffer extreme physical pain and mental anguish, to have serious and permanent disfigurement, permanent injury, lost wages, and lost earning capacity.

While it notes that a plaintiff is free to plead less than the jurisdictional amount in order to avoid federal jurisdiction, *St. Paul Mercury*, 303 U.S. at 294, the Court is "not required to leave its common sense behind" when determining whether the jurisdictional amount has been satisfied. *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D.W.V. 1994)(discussing differing standards applied by courts in determining whether the claims meet the jurisdictional requirement, and noting that the ultimate the burden always remains with the defendant to establish that removal is proper).

With no other frame of reference provided in plaintiff's complaint, the Court relies on plaintiff's most recent demand of just one dollar less than the jurisdictional amount, and the severity and permanency of plaintiff's injuries alleged in his complaint, to conclude that the amount in controversy in this matter exceeds $75,000. Additionally, plaintiff himself has valued his case at $100,000, well-above the minimum amount in controversy. *See Peddie v. Sterling Jewelers, Inc.*, 282 F. Supp.2d 947, 949 (E.D.Wis. 2003) (amount in controversy satisfied where plaintiff alleges she suffered lost wages, benefits, and emotional distress and nothing indicates that plaintiff believes her claim is worth less that $75,000). The jurisdictional requirements of section 1332 have therefore been satisfied.

3

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [DE 9] is DENIED.

SO ORDERED, this _19_ day of September, 2013.

*(signature)*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE